JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
SARA WINSLOW (DCBN 457643)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6730 (Proctor)
                    (415) 436-6925 (Winslow)
    FAX: (415) 436-7169
    melanie.proctor@usdoj.gov
    sara.winslow@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT H. WEINSTEIN,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>               Defendant. | No. C 09-0347 CRB<br><br>**STIPULATION OF SETTLEMENT;**<br>~~**[PROPOSED]**~~ **ORDER** |

    IT IS HEREBY STIPULATED by and between Plaintiff Robert H. Weinstein and Defendant United States Postal Service (together the Parties), as follows:

    1.    The Parties hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

    2.    Defendant agrees to pay to Plaintiff the sum of Twenty-Two thousand Eight Hundred Seventy-Seven Dollars and Forthy-Three Cents ($22,877.43), which shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen claims of damage or injury and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which

Plaintiff, his heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents or employees.

3.  Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the sum stated in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, economic losses, and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit.

4.  This settlement is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any party.

5.  This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

6.  It is also agreed, by and among the Parties, that the settlement amount of Twenty-Two thousand Eight Hundred Seventy-Seven Dollars and Forthy-Three Cents ($22,877.43) paid by the United States Postal Service represents the entire amount of the compromise settlement and that the Parties will each bear their own costs, attorneys fees, and expenses.

7.  Payment of the settlement amount will be made by a check payable to Plaintiff Robert H. Weinstein in the amount of $17,964.32 and a check payable to Hugo Torbet, Attorney at Law, in the amount of $4,913.11. Plaintiff and his attorney have been informed that payment of the settlement amount may take sixty (60) days or more to process.

8.  The Parties further agree that upon payment of the settlement amount recited herein, the United States Attorney's Office will prepare a joint stipulation to dismiss this case, which the parties agree to finalize and file within seven (7) days of payment of the settlement amount.

9.  The Parties agree that should any dispute arise with respect to the implementation

of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The Parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

10. Plaintiff hereby releases and forever discharges the United States Postal Service and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in this action.

11. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties with the advice of counsel, who have explained the legal effect of this Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: June 23, 2009 | *[signature]*<br>ROBERT H. WEINSTEIN<br>Plaintiff |
| Dated: June 26, 2009 | HUGO TORBET, ATTORNEY AT LAW<br><br>*[signature]*<br>HUGO TORBET<br>Attorney for Plaintiff Robert H. Weinstein |
| Dated: June 30, 2009 | JOSEPH P. RUSSONIELLO<br>United States Attorney<br><br>*[signature]*<br>MELANIE L. PROCTOR<br>SARA WINSLOW<br>Assistant U.S. Attorneys<br>Attorneys for Defendant |

### [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June 30, 2009

THE HONORABLE CHARLES R. BREYER
United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
*[Stamp: IT IS SO ORDERED / Judge Charles R. Breyer]*